**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ROBBIE MAGEE, ET AL.                         CIVIL ACTION

VERSUS                                       NO. 25-64-JWD-RLB

STATE FARM FIRE &
CASUALTY COMPANY

**ORDER**

Before the Court is Defendant's Amended Motion for Contempt (R. Doc. 21). The deadline to file an opposition has expired. LR 7(f); *see* Fed. R. Civ. P. 6(d). Accordingly, the instant motion is unopposed.

**I.       Background**

On January 23, 2025, Robbie Magee and Nicole Magee (collectively, "Plaintiffs") commenced this action against State Farm Fire & Casualty Insurance ("Defendant"). (R. Doc. 1). Plaintiffs seek recovery under an insurance policy with respect to property damage caused by a wind and hailstorm on February 11, 2024. (R. Doc. 1 at 2). After Defendant's adjuster conducted an inspection and found damages below the applicable deductible, Plaintiffs obtained a second opinion from an entity identified as "Red Stick Roofing," which found significantly more damage. (R. Doc. 2 at 3). Plaintiffs now seek recovery under the policy for the denied claim, as well as statutory bad faith damages.

Defendant represents that Plaintiffs retained the non-party entity Redstick Roofing Specialists LLC ("Redstick Roofing") to conduct an inspection, resulting in "a report, dated August 8, 2024, expressing an opinion of the alleged damage." (R. Doc. 15-1 at 2).

On March 24, 2025, Defendant served an initial Rule 45 subpoena for documents on Redstick Roofing to obtain documents relating to the foregoing inspection and report. (R. Doc

15-2). Redstick Roofing (through its Office Manager Jessica Severt) responded by email to the subpoena on April 15, 2025. (R. Doc. 15-3). Defendant represents that the responsive materials provided included "an executed copy of the Roof Replacement & Construction Contract dated May 30, 2024." (R. Doc. 15-1 at 2).

On May 2, 2025, Plaintiff's counsel informed defense counsel that Plaintiffs were intending to move forward with a roof replacement the following week. (R. Doc. 15-4). Defendant represents that this roof replacement was completed by Redstick Roofing. (R. Doc. 15-1 at 2).

On June 16, 2025, Defendant served a second Rule 45 subpoena for documents on Redstick Roofing to obtain information and documents related to this roof replacement. (R. Doc. 15-5). The subpoena, which sought compliance by July 2, 2025 at defense counsel's offices in Baton Rouge, required Redstick Roofing to produce certain documents reflecting the costs of roof repairs and payments made by Plaintiffs for those repairs.

The record shows that defense counsel made several attempts to obtain compliance with respect to this second subpoena by contacting Ms. Severt, the individual who responded to the first subpoena. (*See* R. Docs. 15-7, 15-8, 15-9). Defense counsel's paralegal ultimately held a telephone conference with Mr. Sharp, who Defendant represents agreed to provide all responsive materials. (R. Doc. 15-1 at 3). In a follow-up email, Defendant requested production by September 4, 2025. (R. Doc. 15-10). No responses or objections to the second subpoena were provided in response. Defendant made one last attempt to obtain responses prior to filing the instant Motion to Compel by sending a letter through certified mail to Mr. Sharp on September 18, 2025 seeking compliance with the second subpoena. (R. Doc. 15-11). No responses or objections to the subpoena were provided in response.

On October 27, 2025, Defendant file a Motion to Compel Subpoena Compliance by Non-Party Subpoena Recipient Redstick Roofing Specialists LLC. (R. Doc. 15). This motion sought an order requiring Redstick Roofing to comply with the second subpoena. Neither Plaintiff nor Redstick Roofing filed an opposition to the Motion to Compel.

On November 26, 2025, the Court granted Defendant's Motion to Compel, ordering Redstick Roofing to comply with the subpoena, within fourteen days of the Order, by producing all responsive documents and information within its possession, custody, and control and raising any assertions of attorney-client privilege or any other privilege or immunity by providing a privilege log consistent with Rule 45(e)(2) of the Federal Rules of Civil Procedure and Local Rule 26(c). (R. Doc. 16, the "Discovery Order"). The Court further informed Redstick Roofing that failure to comply with the order may result in contempt sanctions pursuant to Rule 45(g) of the Federal Rules of Civil Procedure

On December 24, 2025, Defendant filed its original Motion for Contempt, which represents that Redstick Roofing failed to respond to the Discovery Order within the time provided. (R. Doc. 17). Defendant sought an order requiring Redstick Roofing to fully comply with the Discovery Order, finding Redstick Roofing to be in contempt, and awarding Defendant costs and attorneys' fees in bringing the motion.

On January 22, 2026, Redstick Roofing provided responses to the second subpoena and produced certain documents. (R. Doc. 21-5). Among other things, Redstick Roofing's response states that its "true net profit would be 5-15% on this project" and that it does "not maintain line-item ledgers per project as a business." (R. Doc. 21-5 at 2). The documents produced include the following:

- June 13, 2024 invoice to Plaintiff for $795 (tarp installation to mitigate water intrusion);
- June 26, 2024 invoice to Plaintiff for $795 (repair attempt per State Farm's request);

3

- May 15, 2025 invoice to Plaintiff for $46,518.62 (roof replacement, temporary repairs, and gutters and downspouts);
- May 15, 2025 payment to VMC Construction for $10,440; and
- Three distributor invoices with details and quantities for various materials but no line-item charges for the materials.

(R.. Doc. 21 at 3-15).

Defendant's Amended Motion for Contempt was entered into the record on February 5, 2026. (R. Doc. 21). In this motion, Defendant acknowledged that RedStick Roofing provided untimely responses, but nevertheless argues that RedStick Roofing remains in violation of the Discovery Order for failing to respond in full to the by providing "itemized documentation showing amounts spent on materials and labor to replace Plaintiffs' roof." (R. Doc. 21 at 2). In support of this argument, Defendant focuses on the following categories of documents sought:

3. Any and all documents, including invoices, demonstrating materials used, appliances used, or other items that were utilized or installed by you or any subcontractor at the Magee home.

***

5. Any and all records showing the profits earned by Redstick Roofing Specialists LLC on this project. Profit is defined as any amount above total materials costs and labor costs for the rough repairs to the Magee home.

6. A listing of the items and materials, including the quantity, quality, brand name, utilized in the final installation of each item/material in or on the Magee house, this is to include the invoice cost of each item/material that was used on the home, listing the price charged to you by the supplier.

7. A detailed, line-item ledger of every amount spent on the Magee house project with an explanation of what work was performed.

(R. Doc. 21-1 at 6). In short, Defendant argues that Redstick Roofing inadequately responded to these requests for documents by failing to include a "line-item ledger" of the amounts spent by Redstick Roofing on labor and materials, failing to identify the role VMC Construction played with respect to the roof replacement, and failing to provide invoices that include the amount paid for the materials. (R. Doc. 21-1 at 7). Defendant seeks the production of the exact payment for

4

labor and materials to determine whether Redstick Roofing's profit margin (which is included in the amount sought for reimbursement by Defendant) is reasonable.

The Court held a telephone conference with Plaintiff's counsel and defense counsel on February 24, 2026. (R. Doc. 23). At the conference, the Court noted that there "is insufficient information in the record to determine whether Redstick Roofing, in fact, maintains [line-item ledgers per project] in the course and scope of its business operations." (R. Doc. 23 at 1). The Court instructed defense counsel that "the next step would be to proceed with an appropriate deposition of Redstick Roofing and/or an applicable representative or employee. (R. Doc. 23 at 1). Plaintiff's counsel did not object to this deposition moving forward. To accommodate this deposition, the Court extended the deadline to complete expert discovery by March 27, 2026, and instructed Defendant to "notify the Court of the completion of the deposition and whether any further modification of the Amended Motion for Contempt is necessary." (R. Doc. 23 at 2).[1]

The discovery deadlines have expired. Defendant has not instructed the Court whether the deposition of Redstick Roofing has occurred.

## II.    Law and Analysis

### A.    Legal Standards

Rule 45 governs the issuance of subpoenas. Subpoenas issued for discovery purposes are subject to the discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).").

---

[1] The Court also terminated Defendant's original Motion for Contempt (R. Doc. 17) as superseded by the instant motion.

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). Where, as here, a subpoena commands the production of documents or electronically stored information, the non-parties subject to the subpoena may serve a written objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "If an objection is made," then, at any time, on notice to the non-party subject to the subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Any order compelling production or inspection "must protect a person who is neither a party nor a party's officer from significant expenses resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

"The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Rule 45(g) was "amended to clarify that contempt sanctions

may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena. In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt." Fed. R. Civ. P. 45(g), Advisory Committee Notes to the 2013 Amendments. Moreover, "because the command of the subpoena is not in fact one uttered by a judicial officer, contempt should be very sparingly applied when the non-party witness has been overborne by a party or attorney." Fed. R. Civ. P. 45(e) Advisory Committee's Note to 1991 Amendments.

Outside of a contempt order, Rule 45 "does not provide for court costs and attorney's fees as a sanction against persons who fail to produce the subpoenaed documents," or otherwise allow a court to turn to the terms of Rule 37(a) for such authorization. *Peacock v. Merrill*, No. 08-mc-01, 2008 WL 687195, at *4 and n.11 (M.D. La. Mar. 10, 2008) (citing *S.E.C. v. Kimmes*, No. M18-304, 1996 WL 734892, at *8 (S.D.N.Y. Dec. 24, 1996)).

**B.     Analysis**

As discussed above, the Court ordered Redstick Roofing to respond to Defendant's subpoena on or before December 10, 2025. (R. Doc. 16). Redstick Roofing failed to comply with the Court's order, resulting in the filing of Defendant's original Motion for Contempt (R. Doc. 17).

The record shows that Redstick Roofing ultimately provided responses to Defendant's subpoena on January 22, 2026. (R. Doc. 21-5). This response specifically represents that Redstick Roofing's "true net profit would be 5-15% on this project" and that it does "not maintain line-item ledgers per project as a business." (R. Doc. 21-5 at 2). The Court required

7

Defendant to seek and obtain the deposition of Redstick Roofing to obtain testimony regarding the issues raised in the instant motion with respect to Redstick Roofing's compliance with the Discovery Order.

It is unclear whether that deposition was taken. The deadline to complete the deposition, at the latest, was the extended deadline to complete expert discovery on March 27, 2026. Defendant has not informed the Court that the deposition has taken place, or otherwise filed a motion with respect to the deposition. *See* LR 26(d).

In sum, the Court ordered compliance with the subpoena, Redstick Roofing ultimately provided (albeit untimely) responses. Rule 45 does not require non-parties to create documents that do not exist, and Defendant has not demonstrated – through deposition testimony or otherwise – that the responses provided are incomplete or inconsistent with the Discovery Order. Under these circumstances, the Court finds it inappropriate to find the non-party Redstick Roofing in contempt pursuant to Rule 45(g), or to otherwise issue any sanctions, including attorney's fees and costs incurred in connection with bringing the instant motion. *See Bauer v. Metro. Prop. & Cas. Ins. Co.*, No. 19-12299, 2019 WL 13213226, at *4 (E.D. La. Nov. 27, 2019).

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Amended Motion for Contempt (R. Doc. 21) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 27, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

8